## RAINEY vs. JONES.

Where the defendant has fully denied all the Equity of the Bill is solvent, and able to respond to any duty or damages, which may be imposed, and there is nothing peculiar in the facts of the case, this Court will not over-rule the discretion of the Circuit Judge in dissolving the injunction.

In Equity, in DeKalb Superior Court.   Decision by Judge BULL, at the October Term, 1859.

John G. Rainey filed his bill in equity, in DeKalb Superior Court, against Charles M. Jones, in which bill the complainant alleges:

That Baker & Wilcox obtained a judgment, in DeKalb Superior Court, against the complainant, for the sum of two hundred and forty-five dollars and forty-six cents, besides interest and costs; that a fi. fa. issued from said judgment, and was levied upon lot of land number two hundred and

eighty-one, in the eighteenth district of said county, containing two hundred two and one-half acres, as the property of the complainant, and which did in fact belong to him; that the defendant, Charles M. Jones, then lived near to the complainant, between whom and complainant there had been considerable dealings, and then existed mutual accounts; that the said Charles M. Jones was indebted to the complainant the sum of four hundred and twelve dollars and forty-three cents, for goods, lumber, money, and other things, sold and delivered, loaned and furnished by the complainant to the said Jones, at his special instance and request; that complainant does not know, and has no means of knowing, the amount of his indebtedness to said Jones; that the complainant's said lot of land was advertised by the sheriff for sale, on the first Tuesday in May, 1857, and being unable at the time to pay off the *fi. fa.,* and save his property from sale, and confiding in the said Jones, as his friend and neighbor, it was agreed by and between the said Jones and the complainant, that said Jones should furnish the money and bid off said land, and that, on a settlement had between the parties, the said Jones should reconvey the land to complainant; that, pursuant to said agreement, the said Jones did bid off said land for the complainant's benefit, and did pay off all of said *fi. fa.,* except about thirteen dollars, which was furnished by complainant; that said land was bid off by said Jones, at the sum of four hundred and five dollars; that, on the day of said sale, the said *fi. fa.* amounted to the sum of two hundred and eighty-one dollars and five cents, all of which, except the said sum of thirteen dollars, was paid by the said Jones to John M. Fowler, sheriff—the balance of his bid over and above the amount of the *fi. fa.,* the said Jones never did pay to the sheriff or any one else, but, at the request of the said sheriff, the complainant gave his receipt for said balance of the said bid, simply, that it might appear that the bid was correctly disposed of, but complainant never did actually receive the money, nor was it ever paid; that complainant and said Jones told said sheriff that the matter was all understood between them, and the said sheriff executed a deed to said Jones for said land, on or about the sixth day of May, 1857; that said lot of land, at the time, was well worth the sum of thirteen hundred dollars; that complainant is now, and has always been ready to come to a full and fair settle-

Rainey vs. Jones.

ment with the said Jones, and pay him any balance which may be due to him on such settlement, when the sum is ascertained; that the complainant has remained on said land ever since the said sale, without molestation or demand of rent by the said Jones, and believed that said Jones would come to a settlement with him, and faithfully carry out said agreement about said land, but recently complainant has found, to his surprise, that the said Jones is fraudulently intending and endeavoring to deprive complainant of his home, by denying the agreement aforesaid relative to said land, and by neglecting and refusing to account and settle with the complainant; that the said Jones has instituted an action of ejectment in the Superior Court of said county against the complainant for the recovery of said land, and has also commenced an action in the Inferior Court of said county against the complainant on a promissory note, which action has been carried to and is now pending on the appeal in said Superior Court, and is unjust and inequitable until the settlement aforesaid is had between the parties; that the complainant can not set up the agreement aforesaid in a Court of Law, so as to bar a recovery against him in said action of ejectment, and can not have full and adequate relief in the premises, except in a Court of Equity.

The complainant, by his bill, prays: That the said Jones may come to an account with him; and that he may discover, on oath, the facts respecting the said agreement; and that an injunction may issue, restraining the further prosecution of said action of ejectment and the said action on the said note, until the hearing of his said bill.

The injunction prayed for was granted.

On the 29th of March, 1859, the defendant, Jones, filed his answer to the complainant's bill, in which he admits: That the fi. fa. in favor of Baker & Wilcox was levied on the land, as charged, but denies that the land belonged to complainant, or that he had any title or right to the same, except a bond for titles, made and executed by Robert M. Rainey, which bond was conditioned to make titles when the purchase money was paid, for which purchase money the said Robert Rainey held complainant's notes, on which nothing was ever paid by the complainant; that on the day said land was sold, and after the defendant had bid it off, the complainant delivered said bond for titles to defendant, who then

learned, for the first time, that complainant had no title to said land; that the defendant carried said bond for titles to the said Robert M. Rainey, and paid to him the notes of complainant for the purchase money, amounting in all to the sum of five hundred and sixteen dollars, and the said Robert M. Rainey then took up said bond and made to the defendant a warranty title for said land. The answer admits, that defendant and complainant lived near each other, but denies positively that, at that time, or at any other time, from the 13th of March, 1857, to the said sale day, there were any accounts between complainant and defendant, or that there was to be any settlement between them; that, on the said thirteenth day of March, 1857, the complainant and defendant had a full and complete settlement of all accounts between them, and that on the day said land was sold, the defendant did not owe complainant one cent by account, note, or otherwise, but that he, then, held notes on complainant for more than one hundred dollars; that all the items of indebtedness mentioned in, and annexed to, the complainant's bill, were included in and settled by the reckoning on the said 13th of March, 1857; that the items of said account, dated since that time, were likewise settled, at a reckoning between the complainant and defendant, had at the house of John T. Flowers, on the twenty-eighth day of January, 1859, upon which last settlement of accounts, the defendant was due to complainant the sum of one hundred and five dollars, which amount, it was then and there agreed, should be entered as a credit on the note sued on in the action aforesaid, and which credit the defendant, afterwards entered on the same. The answer admits, that it is probable the complainant was unable to raise the money to save said land from sale, but denies positively that the defendant ever agreed to bid off said land for the benefit of complainant, and that, upon an accounting and settlement between the defendant and complainant, the land should be re-conveyed to complainant; but, on the contrary, while the sale of the land was going on, complainant came to the defendant and asked him to bid for and to buy the land, even if it should go to a thousand dollars, and that he should have his own time to pay whatever surplus might remain after paying off said *fi. fa.,* and the defendant is informed, and believes, that complainant made the same request of and proposition to others, who bid for the land with that

understanding. The answer admits, that defendant bid off the land, at the sum charged, and that the *fi. fa.* amounted to about the sum charged, but positively denies that complainant furnished thirteen dollars, or any other sum of money, to aid in paying off the *fi. fa.;* that the complainant did on that day pay the defendant thirteen dollars, which he owed him for that sum loaned to him a few days before said sale, and that, when it was paid, nothing was said about it being paid or furnished for the purpose of paying off the *fi. fa.* The answer admits, that the defendant only paid to the sheriff the sum due on the *fi. fa.,* and as there was no other *fi. fa.* in the sheriff's hands, the defendant and complainant expressly agreed that the surplus of ninety-eight dollars and forty-two cents should go in payment of a note, held by defendant against complainant, for ninety-five dollars, besides interest and cost, which note was produced in the presence of the sheriff, and was satisfactory to complainant, who gave the sheriff a receipt for the said surplus, remarking that he did not then have time, but that he the complainant and defendant could meet in a day or two and arrange the matter with themselves. The answer also admits, that the sheriff executed to defendant a title-deed for the land, but denies that, at that time or previous to the sale, there was any understanding or agreement that the land should be reconveyed to complainant. The answer denies that the land was worth thirteen hundred dollars, or that it was worth more than eight hundred dollars; the answer denies that defendant has allowed complainant to remain on the land, without accounting for rent, but alleges that he has made every effort to get complainant off the said land; that he tried to get possession of the land by virtue of his purchase at sheriff's sale, but the sheriff failed to put him in possession whilst he remained in office; that he tried to get the possession of the land by possessory warrant, and was legally nonsuited; that complainant has one day been promising to give defendant the possession of the land, and at another threatening to kill the man who takes possession of the same; that, after other means failed, he brought the action of ejectment aforesaid; the answer admits the bringing suit on the promissory note. but denies that it is unjust or inequitable; the answer alleges that complainant agreed to rent said land, and cultivate ten acres thereof in cotton—and that, until the filing of the bill,

defendant thought that complainant was satisfied with all the arrangements and settlements made as aforesaid.

Upon the coming in of the answer, a motion was made by defendant to dissolve the injunction on the ground that the facts and circumstances, upon which the equity of the bill was based, were distinctly and positively denied by the answer.

The presiding Judge sustained the motion, and dissolved the injunction.

Error is assigned upon this decision of the Judge.

GARTRELL & HILL, for the plaintiff in error.

MURPHY & CANDLER, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Had the Court concluded to retain the injunction in this case, we would not have felt constrained to control the discretion of the Circuit Judge; deciding, however, to dissolve it, it is not, in our judgment, such a flagrant abuse of discretion as demands the interference of this Court.

It is not pretended but that Jones is solvent and able to respond to any duty or damages, which may be imposed upon him; and having confessedly denied all the equity in the bill, we see no sufficient reason for restraining him from prosecuting his legal rights in the appropriate forum.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.